**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE C. NAILS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER TIMOTHY HAID, et al.,<br><br>　　　　Defendants. | NO. SACV 12-0439 GW (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On October 12, 2012, plaintiff George C. Nails ("Plaintiff"), a California state prisoner proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. See <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues two City of Fullerton Police Officers in their individual capacity only: (1) Officer Timothy Haid, Badge No. 1213, and (2) Officer Ryan Acosta, Badge No. 1374. (Complaint at 3). In addition, the caption of the Complaint appears to indicate that Plaintiff may be attempting to sue the City of Fullerton, although Plaintiff's intent is unclear.[2] (Id. at 1).

Plaintiff generally alleges that Officers Haid and Acosta engaged in "Police Brutality, without investigating the case first," and "acted

---

[2] The caption of the Complaint inserts a comma between "City of Fullerton" and "Officer Timothy Haid," which could indicate that Plaintiff intends to sue the City of Fullerton in addition to Officers Haid and Acosta. (Complaint at 1). However, the list of Defendants in the body of the Complaint names only the two individual Officers. (Id. at 3). It is therefore possible that the comma in the caption is an error and that the caption should properly read "City of Fullerton [Police] Officer Timothy Haid." (Id. at 3).

with Outrageous Police Misconduct." (Id. at 3).  Plaintiff specifically asserts that on July 7, 2009, when he was a pre-trial detainee, he was taken to St. Jude's Hospital in Fullerton, California due to a head injury.  (Id. at 5).  Officers Haid and Acosta followed Plaintiff into a restroom at the hospital.  (Id.).  While Plaintiff was standing at the urinal, Officer Haid said, "Nails, you know what this is about" and kneed Plaintiff from behind without provocation, causing Plaintiff's legs to buckle.  (Id.).  Officer Haid then slammed Plaintiff's face into the tile wall above the urinal and threw Plaintiff down on the tile floor, breaking Plaintiff's left collarbone.  (Id.).  In an attachment to the Complaint, Plaintiff states that "the two police officers [then] carried [Plaintiff] th[r]ough the Emergency room and into the rear where [Plaintiff] received 5 stitches above the right eye."  (Id. at 8).

Plaintiff seeks compensatory damages sufficient to cover his "medical bills and medication fees," including costs of surgery to reset his collarbone, as well as punitive damages in the amount of $1,000,000.00.  (Id. at 6).

### III.
### DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading.  Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29.  Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   The Complaint Fails To State A Claim For Excessive Force Against Officer Acosta**

The gravamen of Plaintiff's Complaint appears to be a claim of excessive force. The Ninth Circuit has held that "egregious government conduct in the form of excessive and brutal use of physical force constitutes a violation of substantive due process cognizable under section 1983." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990) (internal quotation marks omitted); see also Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (core judicial inquiry in excessive force claim is whether force was malicious and sadistic or a good-faith disciplinary effort). An excessive force analysis requires evaluation of "(1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline." White, 901 F.2d at 1507. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (internal citations and quotation marks omitted).

The Complaint appears to state a claim for excessive force against Officer Haid, who Plaintiff alleges attacked him without provocation by slamming his head against a wall while he was standing at a urinal then throwing him to the ground, breaking his collarbone. (Complaint at 5).

However, it is unclear why Plaintiff believes Officer Acosta is also liable for excessive force. Plaintiff appears to allege only that Officer Acosta was in the restroom when Officer Haid attacked Plaintiff and helped carry Plaintiff to the hospital's emergency room following the attack. (Id. at 5, 8). The Complaint fails to show what role, if any, Officer Acosta had in the alleged attack, either as a direct participant or co-conspirator. To state a claim, Plaintiff must allege facts establishing that Officer Acosta had personal involvement in the civil rights violation or that his actions or inaction caused the harm suffered. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Accordingly, the Complaint must be dismissed, with leave to amend.

**B.   The Complaint Fails To State A Claim Against The City Of Fullerton**

It is unclear whether Plaintiff is attempting to assert a claim against the City of Fullerton. (Complaint at 1). To the extent that Plaintiff intends to sue the City, however, the Complaint fails to state a claim. When an individual sues a local government for violation of his constitutional rights, the municipality is liable only if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). In Monell, however, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior. Monell, 436 U.S. at 691-94. Thus, a government body cannot be held liable under

section 1983 merely because it employs the individuals who allegedly caused the Plaintiff harm. Id.

The Complaint alleges that the individual Defendants engaged in "Outrageous Police Misconduct." (Complaint at 3, 5). Although the Complaint does not explain why Plaintiff believes the City is liable, it is possible that Plaintiff may be trying to hold the City responsible for the actions of its police officers. However, this theory of vicarious liability is specifically precluded by Monell. Monell, 436 U.S. at 691-94.

The Complaint does not identify any specific City policy, as required by Monell, that caused Plaintiff's alleged injuries. The isolated incident described in the Complaint does not suffice to state a claim against the City for an unconstitutional policy. "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989). Accordingly, the Complaint is dismissed, with leave to amend.

**C.    Some Of Plaintiff's Claims May Be Barred By Heck v. Humphrey**

Under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a section 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487; see also Wilkinson

v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (confirming that the Heck doctrine applies regardless of the type of relief sought if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration"). Specifically, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

In an attachment to the Complaint, Plaintiff vaguely asserts that "[t]he police officers made false allegations in the police report and if I can only have the chance to explain to someone [who] will listen and investigate my story and see how the police acted on Outrageous Police Misconduct [sic]. They acted without investigating the case first." (Complaint at 8). Plaintiff may be attempting to assert claims of false arrest and the filing of false charges in addition to excessive force. Indeed, it is unclear whether the "police officers" Plaintiff refers to in the attachment are the same named Defendants in this action. However, any such claims may be potentially barred by Heck, depending on the circumstances of the arrest and the charges for which Plaintiff was convicted. If judgment in favor of Plaintiff in the instant action would undermine the validity of his conviction, any claims based on allegations of improper arrest or the filing of false charges may not be brought in a section 1983 action unless Plaintiff establishes that the conviction has been invalidated. The allegations in the Complaint are not sufficient for the Court to ascertain the relation, if any, between the arrest and purportedly false charges and

Plaintiff's conviction and incarceration. Consequently, the Complaint must be dismissed, with leave to amend.

**D.    Plaintiff's Complaint Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff's sometimes vague claims fail to clearly identify the nature of each individual claim, the incident giving rise to each of those claims, and the specific Defendants Plaintiff believes are liable for those claims. For example, it is unclear whether Plaintiff is attempting to sue the City of Fullerton or assert claims based on improper arrest and the filing of false charges. It is also unclear whether Plaintiff is alleging that Officer Acosta actively participated in the attack in the hospital restroom or is liable for conspiracy. The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the Complaint is dismissed, with leave to amend.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above. Each page of the First Amended Complaint, including any exhibits or attachments, must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support his claims. Plaintiff is strongly encouraged to keep his statements concise and to

omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** <u>**Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience**</u>.

DATED: January 22, 2013

/S/ _____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE