**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE C. NAILS,<br><br>                Plaintiff,<br><br>   v.<br><br>OFFICER TIMOTHY HAID, et al.,<br><br>                Defendants. | Case No. SACV 12-0439 GW (SS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's "Ex Parte Application for Order Adding Defendants" to the operative Third Amended Complaint in the above-captioned matter, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Plaintiff's Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

     The Court notes that although Plaintiff attached a proposed Fourth Amended Complaint to his Objections, which he did not

include with the Ex Parte Application itself, the proposed Fourth Amended Complaint does not cure the substantive infirmities in the Application that provided the basis for the Magistrate Judge's recommendation. Plaintiff has not shown good cause, either in the proposed Fourth Amended Complaint or his Objections, for the substantial delay in seeking to amend the pleadings. Plaintiff filed the instant Application a year after filing the Third Amended Complaint and approximately four and a half years after the events at issue. Furthermore, the application was filed well after the deadline for amending the pleadings had passed, with no good cause showing, and only two weeks before the discovery cut off. Allowing amendment at this late stage of the litigation would require re-opening discovery to the detriment of Defendants[1] and the timely resolution of this case, without any showing from Plaintiff that he could not have identified the proposed new Defendants at an earlier date.

Furthermore, the newly-named Defendants have never been identified in any of Plaintiff's prior four versions of the complaint. Plaintiff's sole basis for bringing suit against them appears to be that they allegedly had some connection to an investigation of Plaintiff. As discussed more fully below, these claims – regarding the filing "false reports" that led to "the arrest of Plaintiff on charges he did not commit" -- inject a new theory of liability in this action that does not appear to state

---

[1] For example, pursuant to the deadlines in the Scheduling Order, Defendants have already filed a Motion for Summary Judgment based on the claims and allegations in the Third Amended Complaint. (See Dkt. No. 117).

a cognizable claim. (Fourth Amended Complaint at 7). Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), a section 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 486-87. Plaintiff is serving a life sentence for the crimes for which he was arrested by Defendants. See People v. George Clebert Nails, 2012 WL 2128092 at *1 (Cal. App. June 13, 2012). Plaintiff has not demonstrated that either his current conviction or sentence has been invalidated. Therefore, Plaintiff's "false report" claims in the proposed Fourth Amended Complaint against the newly-named Defendants are barred by the Heck doctrine.

Accordingly, IT IS ORDERED THAT (1) Plaintiff's Ex Parte Application for Order Adding New Defendants is DENIED, and (2) this matter shall proceed on the allegations in the Third Amended Complaint.

The Clerk shall serve copies of this Order by United States mail on Plaintiff and on counsel for Defendants.

DATED: April 26, 2015

_/s/ George H. Wu_
GEORGE H. WU
UNITED STATES DISTRICT JUDGE